ROBERT PHILLIPSON, Appellant, v. ALBERT V. MOORE, Respondent.

Third Department, May 8, 1924.

Motor vehicles — action for injuries suffered when plaintiff was struck by defendant's automobile while it was being driven by his chauffeur — chauffeur was not within scope of employment when accident happened — admission in answer of allegation in complaint does not admit that automobile was being used in defendant's business at time of accident.

In an action to recover damages for injuries suffered by the plaintiff when he was struck by an automobile owned by the defendant while it was being driven by defendant's chauffeur, it was proper to dismiss the complaint at the close of the

case, since the undisputed evidence showed that the chauffeur, who had been directed by the defendant to take the automobile to the defendant's home, departed from the homeward route on an errand of his own and while on that errand the accident occurred.

The admission by the defendant of an allegation in the complaint that on a certain day at about eleven-thirty A. M. defendant's automobile was being used in the business of the defendant, does not help the plaintiff, since the allegation does not state that at the time of the accident the automobile was being so used.

APPEAL by the plaintiff, Robert Phillipson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 15th day of June, 1923, upon the dismissal of the complaint at the close of the entire case after the verdict of the jury for $2,000 had been set aside.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellant.

*Charles P. Jones* [*Lawrence B. McKelvey* of counsel], for the respondent.

COCHRANE, P. J.:

The plaintiff, walking across Park avenue at Sixty-fifth street in the city of New York, was struck by an automobile owned by the defendant driven by his chauffeur unattended, and proceeding northerly on Park avenue. From the foregoing facts arises a presumption that the chauffeur at the time of the accident was performing a mission for the defendant. Such presumption, however, does not under the authorities survive the production of substantial evidence to the contrary. According to the testimony of the defendant and his chauffeur, not in his employ at the time of the trial, corroborated by circumstances, the chauffeur having left the defendant at his place of business in lower New York was instructed by him to return to his home on Long Island. The usual and necessary homeward route did not extend north of Fifty-ninth street at the easterly end of which street the chauffeur should have crossed the East river to Long Island. Abandoning the service of his employer at the latter street, in disobedience of instructions, and to serve his own purpose he proceeded north of Fifty-ninth street to visit his brother and collided with the plaintiff at Sixty-fifth street. The appearance of the foregoing evidence in behalf of the defendant occasioned the disappearance of the said presumption and the trial closed with no evidence connecting the defendant with the accident. *Bryan* v. *Bunis* (208 App. Div. 389) is not in point. The chauffeur in that case was not disobedient

but on the contrary in going to his noon-day meal was fulfilling the expectation or at least the anticipation of his employer. The difference between that case and this is the difference between obedience and disobedience.

The admission of the allegation in the complaint: " That on or about April 26, 1919, at about 11:30 A. M., said automobile was being used in the business of defendant," does not aid the plaintiff. That is not an allegation that at the time of the accident the automobile was being so used. The time required to traverse the short distance from Fifty-ninth street to Sixty-fifth street was so brief that the automobile was being used " in the business of defendant " at Fifty-ninth street at *about* the same time it was being used in the business of the chauffeur at Sixty-fifth street, even though it be assumed that the said allegation in the complaint relates to the exact day of the accident, an assumption which the peculiar language of the complaint does not require. Plaintiff in framing his complaint deemed it unwise to be unduly specific either as to the day or hour of the accident and cannot consistently demand that the defendant in his answer be more specific.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.